UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN E. EGERSON II,

    **Plaintiff,**

  v.                                                                         Case No. 09-C-0184

RICK RAEMISCH,

    **Defendant.**

## ORDER

    Plaintiff, John E. Egerson II, who is incarcerated at Green Bay Correctional Institution, has lodged a pro se complaint alleging violations of his constitutional rights. With his complaint, plaintiff filed a motion to pay the full filing fee out of his prison release account and a motion for leave to proceed in forma pauperis. Both motions are before me now.

    At first blush, it may seem contradictory that plaintiff has asked both for leave to proceed in forma pauperis and for me to order the full filing fee to be paid out of his prison release account. However, the motion for leave to proceed in forma pauperis provides plaintiff's self-reported financial information and trust account statement. Plaintiff represents that he is not indigent and has the ability to pay the filing fee out of his release account.

    The PLRA requires courts to collect filing fees from "prisoner's accounts." 28 U.S.C. § 1915(b). The business office of the institution where an inmate is incarcerated sends the court a "Trust Account Activity Statement," showing account activity for the past six months. That statement reflects both the inmate's regular and release accounts. "Trust account" is an umbrella term used by the institutions that means both accounts. The court uses this statement in making the determination regarding in forma pauperis status.

In <u>Doty v. Doyle</u>, 182 F. Supp. 2d 750 (E.D. Wis. 2002), I stated:

> the courts have found that when a prisoner's general fund has insufficient funds to pay filing fees, both the . . . Wisconsin PLRA . . . and the . . . federal PLRA . . . authorize the courts to order that the money in a prisoner's release be made available for that purpose. <u>Spence v. Cooke</u>, 222 Wis. 2d 530, 537 (Ct. App. 1998); <u>Spence v. McCaughtry</u>, 46 F. Supp. 2d 861 (E.D. Wis. 1999). (All the same, in deference to the Wisconsin public policy behind release accounts, judges of this district do not routinely look to prisoners' release accounts when they assess initial partial filing fees under the federal PLRA, <u>Smith v. Huibregtse</u>, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001), although they will do so upon request from the prisoner, as in <u>Spence v. McCaughtry</u>.) <u>Id.</u> at 751.

I have had the opportunity to consider plaintiff's trust account statement. The statement indicates that plaintiff has ample funds to pay the full filing fee. Therefore, I will grant his motion and order that the full filing fee be deducted from plaintiff's account.

As a result of this order granting plaintiff's motion to pay the filing fee out of his release account, I will deny as moot plaintiff's motions for leave to proceed <u>in forma pauperis</u>.

**For the foregoing reasons,**

**IT IS ORDERED** that plaintiff's motion to pay the filing fee from his release account (Docket # 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket # 2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff shall pay the $350.00 filing fee on or before **Monday, May 4, 2009**.

Dated at Milwaukee, Wisconsin, this 6 day of April, 2009.

/s
LYNN ADELMAN
District Judge